IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIERRA BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:15-cv-01024 |
| BLAKE GILES, et al., | ) ) Judge Trauger |
| Defendants. | ) ) |

**MEMORANDUM**

Plaintiff Tierra Berry sues the Metropolitan Government of Nashville-Davidson County ("Metro"), three of its police officers and a prosecuting attorney for alleged violations of her rights under 42 U.S.C. § 1983. (Docket Entry No. 1.) The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2).

**I.      Standard of Review**

The court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

**II.     Factual Allegations**

The plaintiff alleges that the three defendant police officers subjected her to an unlawful search and seizure, without probable cause or a warrant, on April 4, 2014. Specifically, she alleges that the officers arrived at her home that morning and entered and searched her home without a search warrant, without her consent and over her express objections, and that they arrested her "without a proper court order or probable cause." She alleges that at her preliminary hearing on April 9, 2014, and a suppression hearing on February 5, 2015, the officers presented contradictory and fabricated evidence to justify the search and arrest.

The plaintiff further alleges that the defendant prosecutor brought criminal charges against her because of her race and in an improper effort to pressure the plaintiff's boyfriend to plead guilty to charges pending against him. The plaintiff alleges that she pleaded no contest to a charge of resisting arrest "[d]ue to duress and stress, and the possibility of losing her son," even though she was not guilty and never resisted arrest. She complains that she "was coerced into pleading to a manufactured offense by the prosecuting attorney Mindy Morris, without probable cause." The plaintiff alleges throughout her complaint that the individual defendants' actions comported with Metro's practice, policies and procedures, which she describes as "the moving force behind the racist tone" of the actions against her.

The plaintiff asserts separate counts of unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments, intentional infliction of emotional distress, negligent training of police officers, malicious prosecution, racial discrimination, and false arrest/imprisonment. She seeks compensatory and punitive damages totaling $10 million, plus attorney fees and costs.

**III.    Analysis**

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of her federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**A. Dismissals Based on Individual Immunity**

While there is no question that the individual defendants were acting under color of state law, the plaintiff's allegations implicate matters of absolute immunity.  The defendant prosecutor, Mindy Morris, is absolutely immune from claims against her individually for actions taken within the scope of her prosecutorial duties, including claims for malicious prosecution, *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), and is shielded by Eleventh Amendment immunity from any claims for damages against her in her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  The plaintiff's claims against Morris must therefore be dismissed.

The claims arising from the allegedly false testimony at pretrial hearings by Officers Giles, Iezzi and Murphy must also be dismissed.  "It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330–31 (1983)).  This absolute immunity applies "no matter how egregious or perjurious" the testimony,

*id.*, and extends to an officer's allegedly false testimony at a preliminary hearing. *See Thurmond v. Cnty. of Wayne*, 447 F. App'x. 643, 653 (6th Cir. 2011). Thus, the defendant officers are entitled to absolute immunity from liability for their testimony at the plaintiff's pretrial hearings.

### B. Open Question of Application of *Heck v. Humphrey*

To the extent that the plaintiff's claims relate directly to the validity of her criminal conviction, the general rule is that those claims may not be presented under § 1983 while that conviction stands. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). A § 1983 claim "is barred (absent prior invalidation [of the plaintiff's conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

In this case, however, it is not clear at this stage that the *Heck* bar applies. The complaint and supporting documents indicate that the plaintiff had not yet been convicted as of the date of her suppression hearing on February 5, 2015 (Docket Entry No. 1-3), and the plaintiff's address indicates that she was not incarcerated at the time she filed suit on September 23, 2015, despite her conviction in the interim. Thus any period of incarceration served by the plaintiff was apparently brief.

Relying on concurring opinions in several Supreme Court cases, *e.g. Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Souter, J., concurring), the Sixth Circuit has expressly held that the *Heck*

favorable-termination requirement does not apply where the plaintiff was in custody for such a short time that he was effectively foreclosed from challenging his incarceration in a habeas action. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007). Accordingly, the open question of whether the plaintiff was similarly foreclosed from habeas relief in this case prevents the court from dismissing her claims on the basis of *Heck v. Humphrey* on initial review. To the extent that her claims are not dismissed on other grounds, the plaintiff states colorable claims for relief on which service shall issue.

### C. Search, Seizure and False Arrest

All claims arising from the allegedly unconstitutional search, seizure and false arrest that took place on April 4, 2014, however, must be dismissed as barred by the applicable statute of limitations. The state limitations period applicable to those claims is one year. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dirks v. Tudors*, No. E200801384COAR3CV, 2009 WL 1372180, at *1–2 (Tenn. Ct. App. May 18, 2009); Tenn. Code Ann. § 28-3-104(a).

The United States Supreme Court has held that the limitations period for a § 1983 plaintiff's claim for unlawful arrest in violation of the Fourth Amendment began to run when the cause of action accrued, which was when he appeared before a magistrate and was bound over for trial. *Wallace v. Kato*, 549 U.S. 384, 390 (2007). Further, the court held that the § 1983 limitations period runs throughout the pendency of the related criminal proceedings and is not even tolled upon a conviction that gives rise to a *Heck* bar. *Id.* at 394–95.

The Sixth Circuit has held that the rule of *Wallace* also applies to § 1983 claims for unconstitutional searches under the Fourth Amendment, so that the limitations period begins to run on the date of the search. *Hornback v. Lexington-Fayette Urban Cnty., Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013). The court in *Hornback* found that the plaintiff's cause of action

accrued on the date of the search, when he knew or should have known that the search was unlawful, and that he could have filed suit at that time. *Id.* at 501–02. It affirmed the dismissal of his claim filed approximately twenty months later as untimely, even though it was filed within a year of the date on which the state court granted the plaintiff's motion to suppress and dismissed the criminal charges against him. *Id.* at 501–02.

In this case the search and arrest took place on April 4, 2014, and the plaintiff appeared at a preliminary hearing and was bound over for trial on April 9, 2014. According to *Wallace* and *Hornbeck*, therefore, her causes of action based on the allegedly unlawful search, seizure and arrest accrued in April 2014 and were time-barred by the time she filed her complaint more than seventeen months later on September 23, 2015.

**D. Claims Against the Metropolitan Government of Nashville-Davidson County**

A local government like Metro is only liable under § 1983 for civil rights violations committed by its employees if the alleged violations occur pursuant to the municipality's policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 692 (1978). The plaintiff has alleged that she would not have been prosecuted if she were white, and that Metro's racist "practice, policies and procedures" are "the source of the problem." (Docket Entry No. 1, at 28–29.) Construing the complaint liberally in favor of the plaintiff and accepting all factual allegations as true, as the court must at this stage of proceedings, the court finds that the plaintiff has sufficiently pleaded a basis for municipal liability for her federal claims against Metro to survive initial review.

Any state law claims against Metro for false arrest, malicious prosecution and intentional infliction of emotional distress, however, must be dismissed, as Tennessee has expressly retained governmental immunity from those claims as a matter of state law. *Crowe v. Bradley Equip.*

*Rentals & Sales, Inc.*, No. E200802744COAR3CV, 2010 WL 1241550, at *4 (Tenn. Ct. App. Mar. 31, 2010); Tenn. Code Ann. § 29-20-101 et seq.

## IV. CONCLUSION

For the reasons set forth above, the plaintiff's claims against defendant Morris, her claims arising from allegedly false testimony by the defendant police officers, and any state law claims against Metro for false arrest, malicious prosecution and intentional infliction of emotional distress will all be dismissed on the basis of absolute immunity. Her claims for illegal search, seizure and arrest will be dismissed as barred by the statute of limitations. The court will allow the plaintiff to prosecute her remaining claims, for which process shall issue against defendants Giles, Murphy, Iezzi and Metro.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge