IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIERRA BERRY | ) |
| | ) |
| v. | ) NO. 3:15-1024 |
| | ) |
| BLAKE GILES, et al. | ) |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered October 13, 2015 (Docket Entry No. 4), this civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 21) of Defendant Metropolitan Government of Nashville and Davidson County ("Metro"), to which Plaintiff has responded by filing an amended complaint. *See* Docket Entry No. 42. For the reasons set out below, the Court recommends that the motion to dismiss be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff is a resident of Nashville, Tennessee. On September 23, 2015, she brought this action *pro se* and *in forma pauperis* seeking compensatory and punitive damages from Metro, Metro police officers Blake Giles ("Giles"), Phillip Murphy ("Murphy"), and Angelo Iezzi ("Iezzi"), and Mindy Morris ("Morris"), a state district attorney general. Plaintiff's lawsuit is based upon (i) events occurring on April 4, 2014, when her residence was searched and she was arrested by the Metro police officers for the charge of making a false report and (ii) events occurring during her subsequent criminal prosecution by Morris, which culminated in Plaintiff's plea to the charge of resisting arrest.

*See* Complaint (Docket Entry No. 1) at 1-20. Plaintiff alleges that she was unlawfully searched, arrested, and prosecuted and was racially discriminated against in violation of her Fourth, Fifth, and Fourteenth Amendment rights. She sets out seven specific claims for relief: four counts brought under 42 U.S.C. § 1983 (Counts I, II, and V) and 42 U.S.C. § 1981 (Count VI), and three counts brought under state law (Counts III, IV, and VII). *Id*. at 20-30.

Pursuant to initial review of the action under 28 U.S.C. § 1915(e)(2), the Court: 1) dismissed on immunity grounds all of Plaintiff's claims against Defendant Morris and the malicious prosecution claim against Defendants Giles, Murphy and Iezzi that was based on allegations that they falsely testified in the criminal proceedings; 2) dismissed as untimely Plaintiff's claims for illegal search, seizure, and arrest; and 3) dismissed any state law claims against Metro for false arrest, malicious prosecution, and intentional infliction of emotional distress. *See* Order entered October 13, 2015 (Docket Entry No. 4). Plaintiff's remaining claims were found to be sufficiently colorable to issue service of process upon Defendants Metro, Giles, Murphy, and Iezzi. *Id*. at 2.

The four Defendants have been served with process. In lieu of an answer, Defendant Metro has filed the pending motion to dismiss. Metro argues that (i) any claims for municipal liability under Section 1983 should be dismissed as conclusory and lacking the support of well-pleaded factual allegations, (ii) the state law claims for negligent training and negligent infliction of emotional distress claims – to the extent they survive the Court's initial review – should be dismissed because they are time-barred and because they flow from her intentional tort claims, which arise out of civil rights, for which Metro is immune under state law, and (iii) Plaintiff's Section 1981 claim should be dismissed because she does not have a cause of action against Metro under this statute. *See* Memorandum in Support (Docket Entry No. 22).

By Order entered November 24, 2015 (Docket Entry No. 31), Plaintiff was given until January 4, 2016, to file a response to the motion. Instead of filing a response, Plaintiff filed an amended complaint on January 4, 2016. Plaintiff's First Amended Complaint is essentially the same as her original complaint, except that (i) Plaintiff adds several pages of allegations against Metro

2

related to school segregation, housing, and the provision of government services in Davidson County, *see* Docket Entry No. 42 at 19-28, (ii) Plaintiff adds several pages of allegations against Metro based upon her contention that Metro failed to properly train its police officers regarding drug detection and determining probable cause, *id*. at 28-31, and (iii) Plaintiff includes some additional allegations and changes the paragraph numbering of her averments.

Defendant Metro seeks to strike the First Amended Complaint arguing that it was filed beyond the time period for an amendment of right without leave of the Court under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. *See* Motion to Strike (Docket Entry No. 43). Plaintiff responds by stating that she believed the Court's January 4, 2016, deadline for her to respond to the motion to dismiss was akin to an extension of time for her to file a first amended complaint as of right and that, alternatively, the Court should grant her leave to amend her complaint. *See* Docket Entry No. 44. Defendant Metro replies by contending that Plaintiff's attempt to amend her complaint is futile because the First Amended Complaint fails to raise claims that would withstand a motion to dismiss. *See* Docket Entry No. 46.[1]

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[1] The three individual defendants have been served with process but have filed a motion for an extension of time to respond until the Court rules upon whether the Complaint or the First Amended Complaint is the operative pleading to which a response is due. *See* Docket Entry No. 44.

544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

A. Dismissal of the federal claims brought in the original complaint

The Complaint contains no allegations that support a continued federal claim against Defendant Metro or any of the individual Defendants. The Court's initial review of the Complaint resulted in a significant narrowing of the claims in this action. Plaintiff's Section 1983 claims based upon allegations that she was searched, seized, and arrested in violation of her constitutional rights (Counts I and II) were dismissed as untimely. Plaintiff's allegations of malicious prosecution against the individual Defendants (Count V) were also dismissed.[2] Thus, the only federal claim stated in the Complaint that remains in this action is Count VI, which asserts a violation of 42 U.S.C. § 1981 *See* Complaint at 28-29.[3] In this claim, Plaintiff alleges that Metro's "racist practices, policies, and procedures" were the moving force behind the violation of her constitutional rights by Defendants Giles and Morris and that none of the events at issue would have occurred were she a white citizen. *Id*.

---

[2] Count V was brought only against the individual defendants. *See* Complaint at 26-27.

[3] Counts III, IV, and VII are brought under state law. *See* Complaint at 24 and 29-30.

Even though Plaintiff's Section 1981 claim was not dismissed by the Court upon initial review, this claim suffers from legal deficiencies that require its dismissal. The Sixth Circuit has held that "[t]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Arendale v. City of Memphis*, 519 F.3d 587, 599-600 (6th Cir. 2008). *See Carmichael v. City of Cleveland*, 571 Fed.App'x 426, 431 (6th Cir. 2014); *Beard v. Robertson Cty. Bd. of Educ.*, 2010 WL 148413 at *3 (M.D. Tenn. Jan. 12, 2010) (Trauger, J.). Thus, Plaintiff cannot pursue a claim for damages against Defendant Metro under Section 1981. *Brown v. Metro. Gov't of Nashville*, 2011 WL 465855 at *8 (M.D. Tenn. Feb. 3, 2011) (Haynes, J.). The Section 1981 claim is also barred by the statute of limitations to the extent that the claim is asserted against Defendant Giles. Plaintiff's allegations are unrelated to an employment relationship or to the right to contract that is protected by Section 1981. Thus, a one-year statute of limitations applies to her Section 1981 claim. *Anthony v. B.T.R. Automotive Sealing Systems, Inc.*, 339 F.3d 506, 514 (6th Cir. 2003); *Williams v. Western Union Co.*, 2007 WL 1849963 at *1 (M.D. Tenn. June 25, 2007) (Trauger, J.). Plaintiff's Section 1981 claim against Giles is based upon the events that occurred on April 4, 2014, *see* Complaint at ¶ 110, but her lawsuit was not filed within one year of these events.

The Complaint does not specifically set out any claims against Metro under Section 1983 that have not already been dismissed. However, to the extent that Plaintiff's *pro se* status requires a liberal construction of her allegations, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Complaint can be liberally read to assert theories of municipal liability against Metro based upon an assertion by Plaintiff that her constitutional rights were violated because Metro failed to properly train its officers and/or had policies or procedures allowing or promoting racial discrimination and the violation of citizen's constitutional rights. Nonetheless, these theories of municipal liability are predicated upon the violations of Plaintiff's constitutional rights alleged to have occurred on April 4, 2014, and any claim based upon these theories is barred by the statute of limitations for the same reason as the

5

Plaintiff's specifically stated Section 1983 claims were previously found by the Court to be time-barred *See* Memorandum (Docket Entry No. 3) at 6-7.

B. Plaintiff's First Amended Complaint

Regardless of whether Plaintiff's First Amended Complaint was properly filed as a matter of right under Rule 15(a)(1)(B) or could only be filed upon leave of the Court under Rule 15(a)(2), the Court finds nothing in the First Amended Complaint that supports a continued federal claim against Metro or a continued Section 1981 claim against Defendant Giles. There are no allegations in the First Amended Complaint that cure the deficiencies regarding the Section 1981 claim Plaintiff seeks to pursue. Furthermore, although Plaintiff has added numerous pages of new allegations regarding her theories of municipal liability against Metro, the same statute of limitations problem persists for a claim under Section 1983 that is based upon any of these theories. Finally, even with the benefit of a liberal construction, Plaintiff's rambling allegations regarding school segregation, housing, and the provision of municipal services within Davidson County fail to set forth any cognizable claim that Plaintiff's federally protected constitutional rights have been violated.

C. State Law Claims

Upon the dismissal of Plaintiff's federal claims brought under Sections 1981 and 1983, the Court no longer has original jurisdiction over Plaintiff's claims and the provisions of Section 1367(c) apply. Section 1367(c)(3) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
> . . . .
> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Musson Theatrical, Inc. v. Federal Express*

*Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, *Packard v. Farmers Inc. Co. of Columbus*, 423 Fed.Appx. 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Musson*, 89 F.3d at 1254-55.

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in *Cohill*, 484 U.S. at 350-51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claims without prejudice so that such claims can be pursued in the state courts if Plaintiff so wishes.

### RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 21) of Defendant Metropolitan Government of Nashville and Davidson County be GRANTED with respect to all federal claims brought in this action under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and that these claims be DISMISSED WITH PREJUDICE;

2) the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims; and

3) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge