**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| TIERRA BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01024 |
| ) | |
| BLAKE GILES, et al., ) | Judge Trauger |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the court are a Report and Recommendation ("R & R") of the Magistrate Judge (Docket Entry No. 47) and Objections filed by the plaintiff. (Docket Entry No. 52.)

The Magistrate Judge has determined, *inter alia*, that all of the plaintiff's claims arising from events alleged to have occurred on April 4, 2014, are barred by a one-year statute of limitations. In her Objections, the plaintiff's only argument against the untimeliness of her claims is reliance upon a state statute of limitations that provides a two-year limitations period for certain actions brought by the victim of criminal conduct "against the party prosecuted for such conduct." (*See* Docket Entry No. 52, at 12–13 (quoting Tenn. Code Ann. § 28-3-104(a)(2).) She argues that this limitations period applies to her case because criminal charges were brought against her boyfriend, who allegedly contributed to her injury by not surrendering himself to the defendant police officers who came to her house. It is clear, however, that the boyfriend was not prosecuted for any criminal conduct against the plaintiff, and he is not the party against whom she has brought this action. The expanded statutory limitations period on which the plaintiff relies simply does not apply to her case.

The court has reviewed the R & R, the Objections, the defendant Metropolitan Government's Response to Objections (Docket Entry No. 55) and the file. The plaintiff's Objections are overruled, and the R & R is adopted and approved.

Accordingly, the defendant Metropolitan Government's Motion to Dismiss (Docket Entry

No. 21) is **GRANTED** with respect to the remaining federal claim in this action, and the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's state law claims. This action is **DISMISSED**.

The entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge